# Tranter Manufacturing Co., Appellant, *v.* Blaney.

*Contract—Sale—Evidence—Letters.*

In an action to recover the price of a gas engine sold under a contract in writing providing that the vendor was to start the engine after the purchaser had the same on his premises, where the question at issue is whether the vendor had started the engine properly, it is proper for the court to admit in evidence letters written by the purchaser showing on their face that they were replies to letters written by the vendor, in which it appeared that the vendor had been notified of the unsatisfactory condition of the engine, in that it had not been started properly, and had been requested to send a man "to start it in good shape."

Allegations made in a letter responded to by the other party are considered in the light of declarations or conversations between the parties, and as such, properly admissible in evidence.

Argued April 13, 1917.  Appeal, No. 168, April T., 1917, by plaintiff, from judgment of C. P. Armstrong Co., June T., 1913, No. 137, on verdict for defendant in case of Tranter Manufacturing Company v. Frank S. Blaney.  Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and WILLIAMS, JJ.  Affirmed.

Assumpsit to recover the price of a gas engine. Before KING, P. J.

At the trial it appeared that the engine was bought under a written contract which provided as follows: "Company to start engine after purchaser has same on the ground."  The question in dispute between the parties was whether the engine had been properly started. The court admitted under objection and exception the following letter:

"Whitesburg, Pa.
"November 18, 1912.
"Tranter Manufacturing Company,
"Gentlemen: I have received statements and bills from you.  Now I will pay for this outfit thirty days

after it gets started to run satisfactory.   You sent a bill for two pieces of 1½ inch pipe.   That goes with the engine and the fine set of rings there should be no charge for.

"I am not satisfied with the way the outfit has worked to date.   According to my understanding of our agreement you were to send a man here to start it up and run it properly.   That has not been done, but I believe you had better send a man along with the gas attachment to start it in good shape.

"Yours truly,

"Frank S. Blaney."

The court also admitted under objection and exception a letter dated January 24, 1913, by Frank S. Blaney, which was in part as follows:

"I will pay for the engine whenever you comply with your part and start the engine to work.   Less some reimbursements for the time, trouble and expense I have had on account of your not complying with it.

"When I get the new part for the engine I will try to get the engine to work.   Whether it works or not I will let you know.   If it don't work, then you can send a man to make it work or not, send him, just as you like.   You will not send him under the conditions named in the last paragraph of your letter.   I do not know whether the engine has any defect or not, all I know is that I cannot make it work and I have asked you to send a man to adjust it and start it to work according to contract, and you don't send him."

Two other letters of similar purport were also admitted under objection and exception.

Verdict and judgment for defendant.   Plaintiff appealed.

*Errors assigned,* among others, were (2, 5, 6, 7) rulings on evidence quoting the bill of exceptions.

*C. L. Wallace,* of *Wallace & Rohrer,* with him *R. L. Ralston,* for appellant.—The principle is well established in Pennsylvania that the declarations or statements of a party in his own behalf, whether written or oral, are not admissible: Kann v. Bennett, 223 Pa. 36; Barrow v. Newton, 55 Pa. Superior Ct. 387; Dempsey v. Dobson, 174 Pa. 122.

*H. A. Heilman,* for appellee.—The letters in this case were offered for the purpose of showing circumstances, etc., which tended to show the probability of the defendant's contention that the plaintiff did not start the engine.

As a principle of law it is relevant to put in evidence any circumstance which tends to make the proposition at issue either more or less improbable: Hamilton v. Hastings, 172 Pa. 308; Holler v. Weiner, 15 Pa. 242.

OPINION BY HENDERSON, J., July 13, 1917:

The plaintiff sold to the defendant a gas engine and feed mill. The contract of sale was in writing and contained a provision that the vendor was to start the engine after the purchaser had the same on his premises. The question at issue was whether the plaintiff did start the engine within the meaning of the contract. This was averred in the statement of claim and affirmed at the trial by the plaintiff. The defendant on the contrary denied that the plaintiff had performed this part of the agreement and alleged that the engine could not be made to work. The question raised on the appeal is whether certain letters of the defendant to the plaintiff and the replies thereto were admissible as evidence. Inspection of these letters clearly shows that they relate to the question at issue. The first of them, covered by the second assignment, is evidently a reply to a communication from the plaintiff and contains express notice that the engine had not been started and asks that the plaintiff send a man "to start it in good shape." The second letter ob-

jected to, covered by the fifth assignment, is also a reply to a letter of the plaintiff and contains a notice to the company that the engine does not work and that the defendant cannot make it work and also a suggestion that a man be sent to put it in operation or that the plaintiff take it away. The third letter, embraced in the sixth assignment, is of like import and an answer to a request of the plaintiff that the defendant pay for the machine. The letter contained in the seventh assignment relates to the unsatisfactory condition of the engine and calls attention to a defective part which the defendant believed caused the trouble. These letters are a part of the correspondence between the parties and all relate to the duty of the plaintiff and the obligation of the defendant under the contract. We think they are competent to show the respective contentions of the parties. Allegations made in a letter responded to by the other party are considered in the light of declarations or conversations between the parties and as such, properly admissible in evidence: Roe v. Day, 7 C. & P. 705; Holler v. Weiner, 15 Pa. 242. The letters being admissible there is no substantial ground for complaint with respect to the comments of the trial judge thereon.

The judgment is affirmed.